## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KENNETH WILLIAMS, #336398      :

    Plaintiff                 :

    v                         :        Civil Action No. AW-06-1954

WARDEN, E.C.I, et al.[1]        :

    Defendants          :

### MEMORANDUM

This case was initiated on July 27, 2006, when Plaintiff, then a DOC prisoner incarcerated at the Eastern Correctional Institution at Westover ("ECI"),[2] filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking money damages and alleging that he was denied medication for high blood pressure and diabetes while held at the Maryland Reception Diagnostic and Classification Center ("MRDCC"). (Paper No. 1). Before the Court is a Motion to Dismiss, or, in the Alternative, for Summary Judgment filed by defendant Correctional Medical Services, Inc. ("CMS"), the contractor responsible for delivery of health care to MRDCC prisoners during the relevant period at issue here (Paper No. 14);[3] a motion to dismiss filed on behalf of MRDCC's Warden (Paper No. 38); and Plaintiff's oppositions thereto.[4] (Paper Nos. 24 and 27). No hearing is needed to resolve

---

[1]      The Clerk shall amend the docket to substitute Correctional Medical Services, Inc. ("CMS") for Defendant "Medical Department."

[2]      Although Plaintiff has failed to provide the Court with his current address, information contained in several pleadings suggests that he has been detained or incarcerated in the District of Columbia since early December of 2006.

[3]      The Court overlooked CMS's Motion for Extension of Time to File Answer to Complaint (Paper No. 12). Plaintiff's opposition to the motion notwithstanding (Paper No. 13), the Court intended to grant the extension and will do so now, *nunc pro tunc* to October 16, 2006.

[4]      Plaintiff has filed a plethora of "motions" that essentially seek default judgment and demand judgment in his favor. (Paper Nos. 17-20, 23, 28-35, 37-39, 42-46, and 48-49. These motions add no substantive claims to the case and are denied. Plaintiff's request for injunctive relief removing him from ECI (Paper No. 25)

the Eighth Amendment issue raised in the Complaint.  *See* Local Rule 106.5 (D. Md. 2004).

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).  Furthermore, when ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.  *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

In order to state a constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendants' acts (or failures to act) amounted to deliberate indifference to his serious medical

---

has been rendered moot by his transfer to the District of Columbia and is hereby denied. Finally, Plaintiff's request to add a nurse and correctional officer as party defendants (Paper No. 22), which provides scant details concerning these individuals' interactions with Plaintiff, also is denied.

needs.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In essence, the treatment rendered must be

so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

fundamental fairness.   *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990) (citation omitted).

"Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*,

896 F.2d at 851.  Reckless disregard occurs when a defendant "knows of and disregards an excessive

risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists and he must also draw the inference."

*Farmer v. Brennan*, 511 U. S. 825, 837 (1994).   Thus, a health care provider must have actual

knowledge of a serious condition and not just knowledge of the symptoms.  *See  Johnson v.*

*Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).[5]

        "'[B]ecause society does not expect that prisoners will have unqualified access to health care,'

the objective component of an Eighth Amendment claim based on deprivation of medical attention

is satisfied only if the medical need of the prisoner is 'serious.'"  *Shakka v. Smith*, 71 F.3d 162, 166

(4th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  "[A]n injury or condition is

'serious' only if it is 'life threatening or poses a risk of needless pain or lingering disability if not

treated at once.'"  *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1096 (N.D. Ill. 1995) (quoting *Davis*

*v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)).   In determining whether an alleged deprivation of

medical care amounts to a constitutional violation, courts must consider the severity of the medical

problem, the potential for harm if medical care was denied or delayed, and whether such harm

actually resulted from the lack of medical attention.  *See Burns v. Head Jailor of LaSalle County*,

---

        [5]         Mere negligence or malpractice does not rise to a constitutional level.  *See Russell v. Sheffer*, 528
F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

576 F. Supp. 618, 620 (D.N. Ill. 1984) (citation omitted).

## Analysis

Plaintiff's allegation of denial of health care -- aimed at the corporate entity that employs MRDCC's medical staff -- is based solely upon vicarious liability, otherwise known as the doctrine of *respondeat superior*. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims, even where the defendant is a private corporation, rather than a municipality or other public agency. *See Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D.Md., October 22, 1992), *citing Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991).

Although Plaintiff's claim cannot proceed against CMS, the Court's inquiry does not end there. The uncontroverted medical record and the affidavit of Dr. Masoud Djahanmirm a staff physician who worked for CMS at MRDCC during Plaintiff's incarceration there, shows that Plaintiff has a history of hypertension ("HTN" or high blood pressure) and insulin-dependent diabetes mellitus ("IDDM"). On June 21, 2006, Plaintiff was transferred from the Montgomery County Department of Correction and Rehabilitation to MRDCC. The transfer form indicated he was receiving 0.2 mg. of clonidine three times a day for HTN and that he needed to have blood tests done. The form contained no information whether Plaintiff was receiving insulin or an oral medication for his IDDM. (Paper No. 14, Exhibit A, ¶ 3). MRDCC's Screening form contained a notation that Plaintiff was taking glucophage. Glucophage, an oral medication taken to control blood sugar, is not given to those with IDDM, but is instead used to treat those with non-insulin dependent diabetes mellitus ("NIDDM"). Plaintiff brought no medication with him at the time of transfer. His blood pressure

-4-

at the time of screening was 119/90, considered a good reading for an individual with HTN.  (*Id*., Exhibit A, ¶ 4).

On June 27, 2006, a physician's assistant ("PA") performed an intake history and physical examination of Plaintiff and noted his HTN and Type II ("NIDDM") diabetes.  Plaintiff noted no complaints.  The PA ordered 0.2 mg. clonidine to be given twice daily for HTN, glucophage 1000 mg. twice daily for NIDDM, blood tests, urinalysis, an electrocardiogram ("EKG"), blood pressure checks daily for five days, and finger stick blood sugar tests twice daily for five days.  The PA also ordered a 2,400 calorie a day diet approved by the American Diabetic Association.  Before these orders could be carried out, Plaintiff on July 5, 2006, was transferred from MRDCC to ECI.  (*Id*., Exhibit A, ¶ 5.         Plaintiff alleges that he complained constantly that his medications and special diet were not given to him during his two-week stay at MRDCC.  Nothing in writing, however, suggests that he put those complaints before MRDCC staff by filing sick call requests.  Further, there is no indication that he actually exhibited or was treated for vision problems, loss of sensation or swelling in his extremities, heart palpitations, or a "total collapse of his overall health," as stated in the Complaint.  (*Id*., Exhibit A, ¶ 6).  Indeed, after his transfer to ECI, Plaintiff's blood pressure readings taken during the month of September, 2006, were unremarkable.  (*Id*., Exhibit A, ¶ 7).  Absent actual injury, Plaintiff cannot recover money damages in this case.

Accordingly, a separate Order shall be entered granting summary judgment to Defendant CMS, dismissing MRDCC's Warden, denying Plaintiff's various non-dispositive motions, granting CMS's motion for extension of time, and closing this case.

Date: January 18, 2007

_____/s/_____
Alexander Williams, Jr.
United States District Judge

-6-